CENTRAL PASTO VIEJO, INC., INTERVENOR AND APPELLEE, *v.*
BARNÉS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action
of Intervention.

No. 2836.—Decided May 11, 1923.

ATTACHMENT—PARTNERSHIP—DEBT OF PARTNER—INTERVENTION.—Neither in the
case of a mercantile nor in that of a civil partnership can a creditor of one
of the partners attach property belonging to the partnership to secure the
effectiveness of the judgment that may be rendered against the partner
for the recovery of the debt. Hence, judgment should be rendered on the
pleadings when in an action of intervention the partnership claims the owner-
ship of the property attached and it is not shown by the answer that it
belongs exclusively to the partner, but that it is really an asset of the
partnership.

The facts are stated in the opinion.

*Mr. F. Cervoni Gely* for the appellant.

*Messrs. F. González* and *H. G. Molina* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In order to secure the effectiveness of the judgment that
might be rendered in his action against José Frontera, appel-
lant Francisco Barnés caused the marshal to attach as the
property of the defendant a certain number of bags of sugar
stored in the warehouse of Central Pasto Viejo, Inc., which
after giving bond again took possession of the sugar and
brought an action of intervention alleging that it was the
sole owner of the said bags of sugar.

Barnés answered that Frontera had a partnership with
Central Pasto Viejo, Inc., for the cultivation of sugar cane
on a certain property called Quintana which, according to
information, had produced more than 2,000 bags of sugar
of which "Frontera owns a part more than sufficient to cover
the $3,000 of his partnership capital and the value of the
950 bags of sugar attached."

At the instance of the intervenor the court rendered judg-
ment on these pleadings and sustained its complaint with-

out costs.   From this judgment Barnés took the present appeal.

, The trial court did not err in rendering judgment on the pleadings, as the appellant alleges, because admitting that Frontera had that partnership with Central Pasto Viejo, Inc.; that the bags of sugar attached were the property of that partnership, and that by reason of his contribution to the capital Frontera owned a greater number of bags of sugar than the number attached, it does not appear from the answer that Frontera was the exclusive owner of the said bags of sugar, but that they belonged to the alleged partnership, and for this reason they could not be attached, as we held in the case of *Quintana Brothers & Co.* v. *Ramírez & Co. et al*, 22 P. R. R. 707, which applies to all partnership contracts whether civil or mercantile.   This disposes of the second ground of the appeal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.